THE STATE OF KANSAS v. LUTHER H. KNOBY.

No. 296.

1. CRIMINAL PLEADING—*information examined and held defect-
ive.* An information charging "that on or about the fourth day of
November, A. D. 1896, in the county of Lincoln and State of Kansas,
one Luther Knoby did then and there unlawfully sell, barter and
give away spirituous, malt, vinous and fermented intoxicating
liquors, without taking out and having a permit therefor as pro-
vided by law, and then and there not being lawfully and in good
faith engaged in the business of a druggist," is not direct and cer-
tain as to the offense charged. It leaves the defendant uncertain
as to which of the two offenses he will be required to meet—" with-
out taking out a permit therefor," or whether he is to meet the
charge that the sale was made by him having a permit and " not
then and there being lawfully and in good faith engaged in the
business of a druggist."

2. ———— *information examined, and held sufficient.* An in-
formation charging "that, on or about the twenty-fifth day of
November, A. D. 1896, in the county of Lincoln and State of Kansas,
one Luther Knoby did then and there unlawfully own and keep a
place where intoxicating liquors were sold, bartered and given
away in violation of law, and did then and there permit persons to
resort for the purpose of drinking intoxicating liquors as a bever-
age, and intoxicating liquors then and there being kept for sale,
barter and delivery in violation of law, such place being in a
building located on lot 12, block 28, in the town of Sylvan Grove,
in Lincoln County, Kansas, to the common nuisance of the people
of said county and State, contrary to the statute in such cases
made and provided," sufficiently describes the location to sustain
a judgment of conviction thereunder.

Appeal from Lincoln District Court. Hon. R. F.
Thompson, Judge. Opinion filed November 15, 1897.
*Affirmed in part, reversed in part.*

*F. H. Dunham,* County Attorney, and *C. B. Daugh-
ters,* for appellee.

*Ira C. Buzick* and *George D. Abel,* for appellant.

McELROY, J.  The defendant was prosecuted upon
information for a violation of the Prohibitory Liquor

Law. The jury found him guilty as charged in the third, fourth and fifth counts of the information. He now appeals. The counts on which the defendant was convicted are as follows :

"*Third Count:* That on or about the fourth day of November, 1896, in the county of Lincoln and State of Kansas, one Luther Knoby did then and there unlawfully sell, barter and give away spirituous, malt, vinous and fermented intoxicating liquors, without taking out and having a permit therefor as provided by law, and then and there not being lawfully and in good faith engaged in the business of a druggist.

"*Fourth Count:* That on or about the first day of November, 1896, in the county of Lincoln and State of Kansas, one Luther Knoby did then and there unlawfully sell, barter and give away spirituous, malt, vinous and fermented intoxicating liquors without taking out and having a permit therefor as provided by law, and then and there not being lawfully and in good faith engaged in the business of a druggist.

"*Fifth Count:* That on or about the twenty-fifth day of November, 1896, in the county of Lincoln and State of Kansas, one Luther Knoby did then and there unlawfully own and keep a place where intoxicating liquors were sold, bartered and given away in violation of law, and did then and there permit persons to resort for the purpose of drinking intoxicating liquors as a beverage, and intoxicating liquors then and there being kept for sale, barter and delivery in violation of law, such place being in a building located on lot 12, block 28, in the town of Sylvan Grove, in Lincoln County, Kansas, to the common nuisance of the people of said county and State, contrary to the statute in such cases made and provided."

The sufficiency of the information was challenged by a motion to quash, and by a motion to require the plaintiff to file a bill of particulars setting forth the facts constituting the alleged violation of law attempted to be charged.

336      The State v. Knoby.

N. Dept.      Opinion.   McElroy, J.      6 Kan. App.

The third and fourth counts of the information were filed under the provision of section 386 of the Crimes Act (¶ 2527, Gen. Stat. 1889), which reads :

"Any person without taking out and having a permit to sell intoxicating liquors, as provided in this act, or any person not lawfully and in good faith engaged in the business of a druggist, who shall directly or indirectly sell or barter any spirituous, malt, vinous, fermented, or other intoxicating liquors, shall be deemed guilty of a misdemeanor," etc.

Section 386 creates two separate and distinct crimes in relation to the sales of intoxicating liquor. One is, "Any person without taking out and having a permit to sell intoxicating liquors, as provided in this Act, . . . who shall directly or indirectly sell or barter any spirituous, malt, vinous, fermented, or other intoxicating liquors, shall be deemed guilty of a misdemeanor." The other is, "Any person not lawfully and in good faith engaged in the business of a druggist, who shall directly or indirectly sell or barter any spirituous, malt, vinous, fermented, or other intoxicating liquors, shall be deemed guilty of a misdemeanor."

These counts of the information are based upon both of these provisions. Under the first clause of the paragraph, a person is guilty who, without having a permit to sell intoxicating liquors, sells or barters the same ; under the second clause, a person having obtained a permit as a druggist, but who at the time of selling the intoxicating liquors is not lawfully and in good faith engaged in the business of a druggist, violates the statute. Under the first clause, evidence should be produced to show that the person charged has not taken out a permit to sell intoxicating liquors ; and under the last clause evidence should be produced showing that, although the person charged has a per-

mit, he is not lawfully and in good faith engaged in the business of a druggist.

It will be observed as to the third and fourth counts that the defendant is charged : " Did then and there unlawfully sell, barter and give away, spirituous, malt, vinous and fermented intoxicating liquors, without taking out and having a permit therefor as provided by law, and not then and there being lawfully and in good faith engaged in the business of a druggist." In what particular the sale was unlawful is not pointed out by the information. Each of these counts is indefinite and uncertain for the reason that each charges two separate and distinct violations of law.

Section 104, Criminal Procedure ( ¶ 5169, Gen. Stat. 1889), reads : " The indictment or information must be direct and certain, as it regards the party and the offense charged." This information is not direct and certain as to the offense charged. It leaves the defendant uncertain as to which of the two offenses he will be required to meet ; he does not know whether the State proposes to show that such sale was made " without taking out and having a permit therefor," or whether he is to meet the charge that the sale was made by him having a permit and " not then and there being lawfully and in good faith engaged in the business of a druggist." The charges in these counts contradict each other.

Complaint is made that the court erred in overruling the defendant's plea in abatement for the reason that the defendant's name was incorrectly spelled Luther " Knobby." In the plea in abatement he states that he is known by the name of Luther " Knoby " and that such is his true name. The court overruled the plea in abatement and ordered that all further proceedings in this case should be had against

338     THE STATE v. KNOBY.

N. Dept.     Opinion.   McElroy, J.     6 Kan. App.

the defendant in his true name, Luther "Knoby." Sec. 224, Criminal Procedure (¶ 5292, Gen. Stat. 1889). The court properly overruled the plea in abatement.

Complaint is made that the court failed to define "reasonable doubt." The court might very properly have defined reasonable doubt upon request of the defendant. We see no error in the court failing to define this term, inasmuch as the defendant did not request such instruction. There are few errors which are available in this court unless an exception is saved in the trial court. As a rule, a party must ask the court for such instructions as he desires to have submitted to the jury before he can be heard to complain.

The fifth count of the information is drawn under the provisions of section 392 of the Crimes Act (¶ 2533, Gen. Stat. 1889). This count of the information is sufficient to sustain the conviction. The building and location of the business are sufficiently described. The conviction and sentence should be sustained as to this count.

The judgment will be affirmed as to the conviction under the fifth count of the information, and the judgment of conviction under the third and fourth counts of the information will be reversed and the case remanded for a new trial thereon.